No. 2485.

THE GUADALUPE AND SAN ANTONIO RIVERS STOCK ASSOCIATION *v.* G. W. WEST.

1. CORPORATIONS — CHARTER.— The charter powers designated in the charter of the Guadalupe and San Antonio Rivers Stock Association were: 1, To protect all personal property belonging to its members against theft and other depredations, under the rules and forms of law; 2, to raise means by uniform and equal taxation and assessments on the personal property of its members; 3, to confer with the Governor and State authorities with the view of securing such protection; 4, to employ counsel when necessary to assist in the prosecution of the persons charged with crime; 5, to employ police and detectives, if necessary, to co-operate with the authorities of the law in ferreting out crime and affecting results.    *Held*, that the charter was within the purview of subdivision 27 of article 566 of the Revised Statutes.

2. PLEADING.—See opinion for facts pleaded in suit by such a corporation to recover unpaid assessments held sufficient.

APPEAL from Lavaca.    Tried below before the Hon. George McCormick.

The charter powers claimed in the charter of the appellant are set forth in the syllabus.

No briefs on file for either party.

ACKER, JUDGE.    The court below sustained demurrers to appellant's petition and dismissed the suit, from which judgment this appeal is taken.

After alleging incorporation, and dissolution by expiration of the charter, the officers of the company having been permitted, by order of court, to prosecute the suit as trustees, the petition alleged that, at the date of the expiration of the said charter, the corporation was indebted in the sum of one thousand two hundred dollars, and that there were no assets belonging to it;    that

on November 24, 1883, defendant became a member of the corporation, and thereby became liable to pay to it all sums of money that, by authority of its charter, might lawfully be assessed against him by the association; that, on the twenty-sixth of August, 1884, the directors of the association, acting by and under the authority of the charter, ordered the levy and assessment of an annual tax of forty cents on the one hundred dollars' worth of live stock owned by each member of the association; that the levy and assessment against defendant were made upon two hundred and twenty thousand dollars in value, being the valuation fixed by defendant in rendering the property for taxation; that the assessment was uniform against each member of the association; that it was made for the purpose of raising money to pay necessary expenses, and that the assessment has been paid by the other members of the association.

We think it sufficiently appears from the petition that appellant was an association of individuals, duly chartered under the laws of the State, by which charter the chosen officers of the corporation were empowered to make assessments against the property of the members for the purpose of paying necessary expenses, and that the assessment was uniform against all of the members—appellee being one of them—all of whom, except appellee, had paid the assessment, which was made for the purpose of paying necessary expenses incurred by the association. We think the petition states a case upon which appellant would be entitled to recover, unless the charter is null and void, as alleged in the sixth special exception sustained by the court.

Appellee insists that the purposes for which appellant obtained its charter "were not such purposes for the pursuit of which a corporation could be formed under the laws of this State."

The purposes stated in the charter are novel and somewhat peculiar, but we think them within the purview of subdivision 27, of article 566, of the Revised Statutes. The near approach of the close of the present term, together with the press of other business that must be considered, preclude our indulging in stating reasons for our conclusions. We are of opinion that the court erred in sustaining the exceptions and dismissing the suit, and that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded*